NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1676
_____

KATIE SCZESNY; JAMIE RUMFIELD; DEBRA HAGEN;
MARIETTE VITTI,

Appellants

v.

PHILIP MURPHY, in his official and personal capacity; STATE OF
NEW JERSEY

_____

On Appeal from the United States District Court
for the District Court of New Jersey
(D.C. Civil No. 3:22-cv-02314)
District Judge: Honorable Zahid N. Quraishi

_____

Argued on January 17, 2025
_____

Before: PHIPPS, FREEMAN, and CHUNG, *Circuit Judges*

(Filed: March 14, 2025)

Dana Wefer             [ARGUED]
LAW OFFICES OF DANA WEFER
290 Hackensack Street
P.O. Box 374
Woodridge, NJ 07075

    *Counsel for Appellants*

Francis X. Baker           [ARGUED]
Daniel M. Vannella
OFFICE OF ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

    *Counsel for Appellees*

_____

OPINION*

_____

FREEMAN, *Circuit Judge*.

In April 2022, four nurses sued the State of New Jersey and its Governor, Philip Murphy, to challenge three of Murphy's executive orders. The executive orders required certain private healthcare companies to maintain COVID-19 vaccination requirements for their employees. After Governor Murphy rescinded the executive orders, the District Court dismissed the case as moot. We will affirm the District Court's order.

**I**[1]

This case concerns three executive orders issued between January and April 2022. First, Executive Order 283 required certain healthcare companies to maintain COVID-19 vaccination policies requiring workers to be "up to date with their COVID-19

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write primarily for the parties, we recite only the facts necessary to our decision.

2

vaccinations." App. 100. It also required those vaccination policies to "include a disciplinary process for covered workers' noncompliance, which may include termination of employment." App. 101. Several weeks later, Executive Order 290 updated the deadlines by which workers needed to provide proof of vaccination. Lastly, Executive Order 294 clarified that "up to date" vaccination included only the first booster for which a worker was eligible.

Four nurses—Debra Hagen, Jamie Rumfield, Katie Sczesny, and Mariette Vitti—are former employees of the Hunterdon Medical Center ("HMC") in New Jersey. Each nurse received an initial round of vaccination for COVID-19 but declined to receive a booster dose due to her medical history and the risk of side effects. In April 2022, HMC fired Rumfield, Sczesny, and Vitti for non-compliance with its vaccination policy, and Hagen resigned to avoid having a termination for cause on her employment record.

That same month, the four nurses sued Governor Murphy and the State of New Jersey. They claimed that Executive Orders 283, 290, and 294 violate the United States Constitution. They sought a declaration that the executive orders are unconstitutional as applied to them, plus attorneys' fees and any other relief that may be just and equitable.

The District Court denied the nurses' motion for a preliminary injunction, and the nurses filed an interlocutory appeal. In June 2023, while the interlocutory appeal was pending, Governor Murphy issued Executive Order 332, which rescinded the challenged executive orders. Our Court dismissed the interlocutory appeal as moot and instructed the District Court to consider on remand whether the underlying case was moot. *See Sczesny v. Murphy*, No. 22-2230, 2023 WL 4402426, at *1 (3d Cir. June 14, 2023). The

3

District Court determined that the rescission of the challenged orders meant it could not grant the nurses any relief. It also determined that no exception to mootness applied, so it dismissed the case as moot. The nurses timely appealed.

## II[2]

"A case generally is moot when in the course of litigation, a court finds that it can no longer provide a plaintiff with any effectual relief." *Road-Con, Inc. v. City of Phila.*, 120 F.4th 346, 356 (3d Cir. 2024) (cleaned up). For instance, when a party seeks only prospective relief from a challenged law, the recission of that law moots the claim. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 590 U.S. 336, 338–39 (2020) (deeming claims moot where, during the Supreme Court's review, the State of New York amended the challenged statute in a way that provided the challengers with the equitable relief they requested in their complaint); *Trump v. Hawaii*, 583 U.S. 941, 941 (2017) (Mem.) (deeming a case moot where the challenged executive order expired by its own terms).

We have applied this principle to COVID-19 related executive orders in two precedential opinions. Both times, when the challenged orders expired or were rescinded, we held that claims for declaratory or injunctive relief were moot. *Clark v. Governor of N.J.*, 53 F.4th 769, 776 (3d Cir. 2022) (concluding that a challenge to

---

[2] At the outset of this case, the district court had federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343. Regardless of whether the case is moot, we have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291. *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). We review questions of mootness de novo. *Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61, 64 (3d Cir. 2016).

executive orders restricting in-person gatherings was "facially moot" because the orders had been rescinded in relevant part, leaving "no effectual relief whatsoever that this Court may grant in relation to those orders" (cleaned up)); *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 230 (3d Cir. 2021) (deeming a challenge to stay-at-home orders, business closure orders, and orders limiting congregation sizes moot because the orders expired, leaving "no relief that this Court can grant concerning them"), *cert. denied*, 142 S. Ct. 772 (2022) (Mem.).

Such is the case here. The nurses are seeking declaratory relief from now-rescinded executive orders. This Court can grant no effectual relief from those orders, so this case is facially moot.[3]

Despite facial mootness, we are "particularly skeptical" of deeming a claim moot based on an action a defendant "took unilaterally after the litigation began." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306–07 (3d Cir. 2020). Thus, voluntary cessation of a challenged practice will only moot a case if it is "absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur." *Clark*, 53 F.4th at 775 (quoting *Fields v. Speaker of the Pa. House of Representatives*, 936 F.3d 142, 161 (3d

---

[3] The nurses argue that this case is not facially moot because they all remain separated from their employment at HMC and three of them have terminations on their employment records. Even assuming those injuries are fairly traceable to the challenged executive orders, the injuries are not redressable by this Court. A declaration that the executive orders were unconstitutional would not compel HMC to rehire the nurses or amend their employment records.

Additionally, the nurses' "interest in attorneys' fees does not save a matter from mootness." *Ivy Club v. Edwards*, 943 F.2d 270, 276 (3d Cir. 1991).

Cir. 2019)). The defendant bears a heavy burden to make this showing. *West Virginia v. EPA*, 597 U.S. 697, 719 (2022).

These defendants have carried their heavy burden. When Murphy rescinded the challenged executive orders, he cited the progress New Jersey had made in responding to the COVID-19 pandemic. Among other things, he noted improvements in "key statistics, such as the number of hospitalized patients in the State, the number of daily positive COVID-19 cases, spot positivity, and the rate of transmission[.]" App. 137. Our precedent provides that we "generally presume that government officials act in good faith." *Cnty. of Butler*, 8 F.4th at 230. And here, as in a prior case involving a rescinded COVID-19 executive order, "we have no reason to doubt the sincerity of [the Governor's] justification." *Clark*, 53 F.4th at 778.

Moreover, the nurses do not contend that Murphy rescinded the challenged executive orders *because of* this litigation. Indeed, the challenged executive orders remained in effect for more than a year after the nurses filed suit, suggesting their rescission was not motivated by the desire to moot this litigation. *See id.* (noting that "we are generally less skeptical of voluntary cessation claims where the change in behavior was unrelated to the relevant litigation").[4]

---

[4] Although the nurses do not posit that Murphy rescinded the challenged executive orders due to the risk of an adverse ruling from this Court, the dissenting opinion does. It notes that Murphy rescinded the orders in June 2023, shortly before a member of the panel considering the interlocutory appeal retired. Dissenting Op. at 4 n.4. That would concern us only if we presumed that Murphy (1) expected a decision was imminent due to the retirement, *but see* 3d Cir. I.O.P. 12.1 (governing procedures when one member of a

Finally, there is no reason to believe Murphy will reinstate the executive orders that he rescinded almost two years ago. Even assuming a reasonable likelihood that Murphy will instate *some* COVID-based vaccination-policy requirement for healthcare facilities in the future, a challenge to that future requirement would not plausibly present "the *same legal controversy* as the one before us now." *Id.* at 781 (emphasis in original). For all these reasons, the defendants have carried their burden to show that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 775 (quoting *Fields*, 936 F.3d at 161).[5]

### III

Citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), the nurses request that if we affirm the District Court's order denying this case as moot, we should

---

panel becomes unavailable), and (2) predicted that he would not prevail in the appeal, yet (3) did not attempt to moot the appeal until eleven months after the notice of appeal was filed and nearly three months after oral argument. We decline to make this series of *sua sponte* suppositions.

[5] The nurses also invoke the capable-of-repetition-yet-evading-review exception to the mootness doctrine. Unlike with voluntary cessation, the capable-of-repetition-yet-evading-review exception places the burden on the party opposing mootness. *Cnty. of Butler*, 8 F.4th at 231. That party must show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). This is a "narrow exception that applies only in exceptional situations." *Id.*

Assuming that the capable-of-repetition-yet-evading-review exception is relevant to this case, *but see Clark*, 53 F.4th at 784 (Matey, J., dissenting) (reasoning that the exception should apply only when "the plaintiff's alleged injury has disappeared through no action of the defendant"), for the reasons addressed in the text the nurses have not established a reasonable expectation that they will be subject to the same orders again.

nonetheless vacate the District Court's previous order denying a preliminary injunction. But the order denying a preliminary injunction is not under review in this appeal, and the nurses did not request vacatur of that order during when it was on appeal and we deemed it moot. In any event, the nurses do not identify "any legal consequences" or "impact on 'relitigation of the issues between the parties'" stemming from that order. *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 219 n.27 (3d Cir. 2012) (quoting *Munsingwear*, 340 U.S. at 40–41); *cf. U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 676 n.10 (5th Cir. 2023) ("There is no need to vacate the preliminary injunctions because they no longer have any practical effect on the parties. . . . [D]ismissal without vacatur is the usual practice for interlocutory appeals, and we have no cause to deviate." (internal quotation marks omitted)). Therefore, we deny the nurses' request.

* * *

The executive orders the nurses challenge have been rescinded, rendering this case facially moot. No exception to the mootness doctrine applies, so we will affirm the District Court's order dismissing this case.